**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 96-60543

(Summary Calendar)
_____

ROBERT WALKER BOTTS,

                              Plaintiff-Appellant,

versus

DERRICK PRUITT, In His Official Capacity as
Sheriff of Lee County, et al,

                              Defendants,

ED CRIDER, In His Official Capacity as Sheriff
of Lee County,

                              Defendant-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Mississippi
(1:94-CV73-D-D)
_____

May 14, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Plaintiff Robert Walker Botts ("Botts") appeals the district

_____

    [*]    Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

court's award of attorney's fees pursuant to 42 U.S.C. § 1988. Botts also moves for remand of this case to district court for a determination of the real party in interest and reconsideration of the attorney's fee award. We affirm the award of attorney's fees and deny Botts's motion.

I

In 1993, Botts encountered Lee County Deputy Sheriff Derrick Pruitt[2] ("Pruitt") at a local bar. Pruitt believed that Botts had been dating Pruitt's estranged wife. Pruitt allegedly attacked Botts outside the bar and beat him with brass knuckles; as a result of the attack, Botts required stitches.

Botts thereafter attempted to initiate charges against Pruitt. He contacted Lee County Justice Court Judge Mayo Grubbs who allegedly refused to charge Pruitt. Botts next contacted Lee County Sheriff Ed Crider ("Crider") who told Botts that he would resolve the situation. Botts then sent a letter to both Lee County Prosecutor Charles Brett ("Brett") and to Crider describing the beating and requesting prosecution of Pruitt. Having received no response to his letter, Botts filed suit under 42 U.S.C. § 1983 against Pruitt, Crider and Lee County alleging violation of his civil rights.

On October 6, 1995, we affirmed the district court's January 30, 1995 order granting summary judgment in favor of Defendants on

---

[2]     Deputy Sheriff Pruitt is incorrectly identified in the caption of this case as sheriff of Lee County.

Botts's § 1983 claims.  On November 14, 1995, Defendants moved for attorney's fees.  The district court subsequently granted an award of attorney's fees pursuant to 42 U.S.C. § 1988.  Botts appeals.

II

We review a district court's award of attorney's fees pursuant to 42 U.S.C. § 1988 for an abuse of discretion and its findings of fact supporting the award for clear error.  *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990).

Botts correctly argues that the motion for fees was not filed within fourteen days of entry of judgment and was therefore untimely.  *See* FED. R. CIV. P. 54(d)(2)(B) (providing that motion for attorney's fees must be filed within fourteen days of entry of judgment).  The district court entered judgment on January 30, 1995, but Defendants did not file their motion for attorney's fees until November 14, 1995.  Defendants appear to contend that the motion was timely because it was filed within fourteen days of entry of this court's judgment.  The "entry of judgment" of which Rule 54(d)(2)(B) speaks, however, is entry of judgment by the district court.  *See United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 765-66 (5th Cir. 1996) (relying on date of district court's entry of judgment as pertinent date for attorney's fees motion under Rule 54(d)(2)(B)).  Thus, Defendants motion for attorney's fees was untimely and the district court should not have

considered it.[3]

Botts, however, did not raise the timeliness issue in district court.  Generally, appellate courts will not consider issues not urged in the district court except when the failure to do so would result in grave injustice.  *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 100 (5th Cir. 1995).   In the context of Federal Rule of Criminal Procedure 52(b), the Supreme Court has held that for an appellant in a criminal case to prevail with a new argument on appeal, he must show:  (1) that an error occurred; (2) that the error was plain, which means clear or obvious; (3) that the plain error affects substantial rights; and (4) that not correcting the error would seriously affect the fairness, integrity or public reputation of judicial proceedings.  *United States v. Olano*, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779, 123 L. Ed. 2d 508 (1993).  We have held that *Olano* applies *a fortiori* in the civil context.  *Highlands Ins. v. National Union Fire Ins. Co. of Pittsburgh*, 27 F.3d 1027, 1032 (5th Cir. 1994), *cert. denied*, __ U.S. __, 115 S. Ct. 903, 130 L. Ed. 2d 786 (1995).  "*Olano* augments this court's long-standing rule that reversal for plain error is 'not a run-of the mill remedy' and will occur 'only in exceptional circumstances

---

[3]     We note that the district court's improper consideration of Defendants' untimely fee request resulted in precisely the situation Rule 54(d)(2)(B) is intended to avoid.  *See* FED. R. CIV. P. 54 advisory committee's note ("[Rule 54(d)(2)(B)] also enables the [district] court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case.").

to avoid a miscarriage of justice.'" *Id.* (quoting *Peveto v. Sears, Roebuck & Co.*, 807 F.2d 486, 489 (5th Cir. 1987)).

Botts successfully meets the first two requirements of *Olano*, i.e., the district court's consideration of Defendants' untimely attorney's fees motion was plain error. Botts does not, however, even argue that the district court's error affects his substantial rights, nor does he argue that our failure to correct the error will seriously affect the fairness, integrity or public reputation of judicial proceedings. As a result, we will not reverse the district court's award of attorney's fees on untimeliness grounds.

Timeliness notwithstanding, Botts also appears to argue that the district court's findings that Botts's claims were frivolous and without foundation were clearly erroneous. Prevailing defendants may receive attorney's fees under § 1988 only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation or that the plaintiff continued to litigate after it clearly became so. *Mylett v. Jeane*, 910 F.2d 296, 299 (5th Cir. 1990).

As the district court construed Botts's complaint, Botts proceeded in this suit under two § 1983 theories. First, Botts argued that Lee County, acting through Judge Grubbs, Sheriff Crider and Prosecutor Brett, violated his civil rights by refusing to prosecute Pruitt because Pruitt was a deputy sheriff. Second, he argued that Lee County was liable for Pruitt's alleged attack on

Botts because Pruitt attacked him while acting under color of state law.

In determining that Botts's claim against Lee County regarding Judge Grubbs's alleged behavior lacked foundation, the district court reiterated its finding, initially made in its summary judgment order, that the claim lacked any legal basis because the Fifth Circuit has repeatedly held that a state court judge acting in his official judicial capacity does not constitute a government official whose actions are attributable to a county. *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Bigford v. Taylor*, 834 F.2d 1213, 1221-22 (5th Cir. 1988); *Carbalan v. Vaughn*, 760 F.2d 662, 665 (5th Cir.), *cert. denied*, 474 U.S. 1007, 106 S. Ct. 529, 88 L. Ed. 2d 461 (1985); *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980). In light of this extensive and long-standing precedent, we find no error in the district court's conclusion that Botts's claim against Lee County based on Judge Grubbs's alleged inaction was without foundation.

The district court also reiterated its findings that Botts's claims against Lee County for the actions of Crider and Brett lacked foundation because Botts never presented any evidence indicating that Crider and Brett did not pursue charges against Pruitt for constitutionally impermissible reasons. In concluding that Botts's § 1983 claims based on Pruitt's actions lacked

-6-

foundation, the district court again observed that Botts never presented any evidence indicating that Pruitt acted under color of state law at the time of the alleged attack. The record supports these findings; the district court did not abuse its discretion in awarding attorney's fees to Defendants based on these findings.[4]

Botts also moves for remand of this case to district court for a determination of the real party in interest. Botts contends that Coregis Insurance Company ("Coregis"), Lee County's liability carrier, is the real party in interest in this case because it allegedly has subrogation rights under its policy with Lee County. Botts maintains that in the event that Coregis is deemed the real party in interest, the district court must reconsider its fee award in light of that information.

Botts essentially contends that the district court may have made a different decision regarding the award of attorney's fees had it known that the fees would be paid to Coregis. Botts's argument, however, presumes that the identity of the recipient of an attorney's fees award under § 1988 is relevant to the award. To the contrary, "[t]he purpose of awarding attorneys' [sic] fees to

---

[4]  Botts also argues that Congress did not intend that prevailing defendants be awarded attorney's fees under circumstances similar to those in this case. The plain language of § 1988 states, however, that awards of attorney's fees under that section are left to the discretion of the district court. *See* 42 U.S.C. § 1988 ("[T]he Court, *in its discretion*, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs.") (emphasis added). Where the language of a statute is plain, we look no further to discern its purpose. *See United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S. Ct. 1026, 1030, 103 L. Ed. 2d 290 (1989) (stating that when statute's language is plain, "the inquiry should end").

a defendant in a civil rights case is to deter frivolous or harassing litigation; the fact that a defendant is insured is irrelevant to this purpose." *Ellis v. Cassidy*, 625 F.2d 227, 230 (9th Cir. 1980); *see also Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 420, 98 S. Ct. 694, 699, 54 L. Ed. 2d 648 (1978) (concluding that purpose of attorney's fee provision in Title VII is to deter frivolous lawsuits); *Fidelity Guarantee Mortgage Corp. v. Reben*, 809 F.2d 931, 936 (1st Cir. 1987) (rejecting argument that "because an insurance company is the ultimate recipient of the attorney's fee award, it should be treated differently than an award to an individual"). Thus, Botts's contention that this case should be remanded to the district court for reconsideration of the attorney's fee award in light of the alleged identity of the recipient has no merit.[5]

AFFIRMED. MOTION DENIED.

---

[5] Because the identity of the recipient of the fee award does not bear on the assessment of the award, we need not resolve the parties' dispute regarding whether Coregis is the real party in interest.